UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HELLE MUNK MADSEN,

    Plaintiff,

v.                                      Case No: 2:16-cv-889-FtM-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff, Helle Munk Madsen, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

On August 6, 2010, Plaintiff filed applications for a period of disability, DIB, and SSI alleging a disability onset date of June 1, 2010. (Tr. 144, 145, 293, 297). Plaintiff's applications were denied initially on December 30, 2010, and upon reconsideration on March 22, 2011. (Tr. 144, 145, 146, 147). Plaintiff requested an administrative hearing and, on November 16, 2012, a hearing was held before Administrative Law Judge ("ALJ") Larry Butler. (Tr. 98). On January 3, 2014, ALJ Butler entered a decision finding that Plaintiff was not disabled. (Tr. 151). Plaintiff requested review of ALJ Butler's decision. The Appeals Council granted Plaintiff's request for review and remanded the case. (Tr. 166).

On May 28, 2015, ALJ T. Whitaker (henceforth, "the ALJ") held another administrative hearing. (Tr. 43). On August 17, 2015, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 19). Plaintiff requested review of the ALJ's decision and, on October 19, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff commenced the instant action by Complaint (Doc. 1) on December 15, 2016.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2010, the alleged onset date. (Tr. 22). At step two, the

ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, disc bulge, facet arthrosis and spondylosis of the lumbar spine, lumbar thoracic radicular pain, NOS, degenerative disc disease of the thoracic spine with thoracic spine pain, degenerative disc disease, joint hypertrophy, spondylosis, disc space collapse and reversal of lordosis of cervical spine with neck pain and cervical radicular pain of the left arm, chronic pain syndrome, degenerative joint disease of the ankle status post fracture deformity of distal right tibial diaphysis, degenerative joint disease, osteopenia and joint pain at multiple sites, chronic obstructive pulmonary disease (COPD), asthma, major depressive disorder (MDD), depression, depressive disorder, NOS, anxiety disorder, post-traumatic stress disorder (PTSD), narcissistic personality disorder, somatic dysfunction, pain disorder associated with spondylosis, and opiate and benzodiazepine abuse. (Tr. 23).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can: Lift, push, pull, and carry 20 pounds occasionally and 10 pounds frequently; Sit 6 hours of 8-hour workday; Stand and walk, in combination, 6 hours of 8-hour workday; Limited to work that allows the individual to sit and stand alternatively; Occasional foot control operation; Never climb ladders, ropes, and scaffolds; Occasional balance, kneel, stoop, crouch, crawl and climb ramps and stairs; Occasional overhead reaching; Occasional exposure to extreme cold; Occasional exposure to respiratory irritants such as fumes, odors, dusts, and gases; No exposure to unprotected heights, or dangerous machinery; and limited to simple, routine, and repetitive work.

(Tr. 25-26). At step four, the ALJ found that Plaintiff could not return to her past relevant work as a housekeeping supervisor, commercial cleaner, real estate clerk, and reception law office. (Tr. 32).

At step five, relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 32). Specifically, the ALJ found that Plaintiff was capable of performing such jobs as ticket marker of merchandise, ticket taker, and storage facility clerk. (Tr. 33). The ALJ concluded that Plaintiff was not under a disability from June 1, 2010, the alleged onset date, through the date of the decision, August 17, 2015. (Tr. 32).

## II. Analysis

Plaintiff raises five issues on appeal: (1) whether the ALJ erred by rejecting the opinions of Plaintiff's mental health counselor and therapist; (2) whether the ALJ erred by rejecting the opinions of Dr. Kushner and Dr. Young; (3) whether the ALJ erred at step five by finding that Plaintiff could perform the jobs identified by the vocational expert; (4) whether the ALJ erred by finding that Plaintiff could perform unskilled work in light of the sit/stand option included in the RFC; and (5) whether the ALJ improperly evaded application of the Medical-Vocational Guidelines. The Court will address each issue in turn.

### a) Whether the ALJ erred by rejecting the opinions of Plaintiff's mental health counselor and therapist.

Plaintiff argues that the ALJ erred by rejecting the opinions of advanced registered nurse practitioner (ARNP) Jamie Sather and therapist Janice Hughes, M.A. on the basis that the statements were inconsistent with other evidence in the record and were not supported by the

record as a whole. (Doc. 23 p. 18). Plaintiff argues that contrary to the ALJ's conclusory claim, ARNP Sather and Ms. Hugh's opinions were consistent with the medical record and supported by the evidence. (Doc. 23 p. 18-19). In response, Defendant argues that the ALJ properly considered the opinions of ARNP Sather and Ms. Hughes and that substantial evidence supports the ALJ's rejection of their opinions. (Doc. 25 p. 5-10).

In her decision, the ALJ weighed the opinions of ARNP Suther and Ms. Hughes as follows:

> The undersigned has considered the opinion of Jamie Suther, ARNP wherein she opined the claimant met listing 12.04 and 12.06 and was moderately to markedly limited in understanding and memory, sustained concentration and persistence, social interaction and adaptation (Ex. 27F, 28F, 29F.) Although Ms. Suther is not an acceptable medical source her opinion must still be considered. The undersigned accords little weight to her opinion as she is an ARNP and her opinion is inconsistent with substantial other evidence in the record.
>
> The undersigned considered the opinion of the claimant's therapist, Janice Hughes, MA, MSW, LCSW, Ed.D, wherein she opined the claimant was eligible for Social Security Disability and that her pain/physical impairments and mental conditions, including anxiety, depressed mood, and PTSD have disabled her to work (Ex. 18F). The undersigned accords little weight to this opinion as it is not well supported by the medical evidence as a whole. Furthermore, Ms. Hughes indicates that she had been seeing the claimant for therapy since 2008 however no treating records support of her opinion. In addition, whether the claimant is disabled or not under the Act is an issue reserved for the Commissioner through the undersigned.

(Tr. 31).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating,

examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

While nurse practitioners and physical therapists are not "acceptable medical sources" for establishing an impairment, they are nonetheless considered "other"' medical sources whose testimony may be used to show the severity of impairments and how it affects a claimant's ability to work. *See Weaver v. Colvin*, 2013 WL 4699278, at * 4 (M.D. Fla. Aug. 30, 2013); *Colon v. Colvin*, 2013 WL 4890312, at *2 (M.D. Fla. Sept. 11, 2013). Opinions from "other sources" are not entitled to any particular deference. *Adams ex rel. A.M.P. v. Astrue*, 2012 WL 2923918, at *5 (N.D. Ala. July 16, 2012). An ALJ should generally explain the weight given to opinions from "other sources," or "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when

such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6.

In this case, upon review of the medical record and ARNP Sather's and Ms. Hughes' respective opinions, the Court finds that the ALJ did not err by rejecting their opinions. While ARNP Sather and Ms. Hughes were not acceptable medical sources and their opinions were not entitled to any deference, the ALJ nevertheless considered their opinions and weighed them in the decision process. Substantial evidence supports the ALJ's decision to accord these opinions little weight. The record shows that the reports of the doctors and other medical professionals who examined and treated Plaintiff do not include objective medical findings or other evidence to support the opinions of ARNP Sather or Ms. Hughes. The objective mental status findings of the doctors and other medical professionals were generally unremarkable, and they merely prescribed medication. (Tr. 605-17, 632-41, 643-48, 656-57, 659-63, 683- 2, 694-707, 718-32, 734-41, 745-48, 750-68, 773-75, 777-93, 795-808, 810-37, 840-41, 852-60, 862-65, 877-79, 887-929, 931-33, 934-47, 950-1032, 1034-65, 1076-78, 1080-96,1098-1106). Despite providing that she treated Plaintiff since 2008, there were no treatment notes in the record from Ms. Hughes. (Tr. 867). Plaintiff's routine and conservative treatment for her mental condition indicates that her mental condition was not as limiting as ARNP Sather and Ms. Hughes opined. (Tr. 29).

Further, Plaintiff's daily activities, as discussed by the ALJ, undermine the opinions of ARNP Sather and Ms. Hughes. (Tr. 24-25, 29-30, 66, 396-403, 638). The ALJ noted that Plaintiff no problem performing personal care including dressing, bathing, or grooming; preparing simple meals daily for her and her son; loading laundry; walking and driving for transportation; shopping for groceries once a week; and managing her personal finances. (Tr. 30). Besides her daily

activities, Plaintiff's work activity after her alleged onset date also indicates that her mental condition was not of disabling severity. (Tr. 22-23, 30, 54-57, 102, 111-12, 302-69).

Given the record as a whole, substantial evidence supports the ALJ's decision to give little weight to the opinions of ARNP Sather and Ms. Hughes. The Court finds no error in the ALJ's treatment of these opinions and in her decision to accord them little weight.

**b) Whether the ALJ erred by rejecting the opinions of Dr. Kushner and Dr. Young.**

Plaintiff argues that the ALJ erred by rejecting the opinions of treating physician P. Denis Kushner, D.O., and one-time examiner Marilyn Young, M.D. Plaintiff contends that contrary to the ALJ's finding, Dr. Kushner's opinion was consistent with his treatment and the medical record as a whole. (Doc. 23 p. 20). As to Dr. Young, Plaintiff contends that contrary to the ALJ's finding, Dr. Young's opinion did include functional limitations. (Doc. 23 p. 21).

In response, Defendant argues that substantial evidence supports the ALJ's decision to give little weight to Dr. Kushner's opinion and no weight to Dr. Young's opinion. (Doc. 25 p. 10). Defendant argues that Dr. Kushner provided an opinion on an issue reserved for the Commissioner and that Dr. Kushner failed to provide objective medical evidence or a sufficient explanation for his opinions. (Doc. 25 p. 11). Further, Defendant argues that the ALJ properly found that Dr. Young did not opine that Plaintiff had functional limitations. (Doc. 25 p. 12).

In her decision, the ALJ addressed the opinions of Dr. Kushner and Dr. Young as follows:

> The undersigned has considered the opinions of Dr. Paul Kuehner[1] wherein he opined the clamant [sic] met medical listing 1.04 and had less than sedentary residual functional capacity and was not capable of working (20F, 21F). The undersigned accords little weight to the opinions as it is not supported by or consistent with the medical evidence as a whole including physical examinations and objective diagnostic evidence which revealed no significant findings to support such an extreme functional

---

[1] The parties agree, and the record shows, that the ALJ is referring to Dr. P. Denis Kushner.

> limitations. This includes Dr. Keuhner's own treating records of the claimant which showed within normal limits examinations.
>
> Dr. Marilyn Young recommended the claimant pursue disability (Ex. 32F/7). No weight is given to this medical source statement as it contains no functional limitations.

(Tr. 31).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Here, the Court finds that substantial evidence supports the ALJ's treatment of Dr. Kushner and Dr. Young's respective opinions. Dr. Kushner's opinion that Plaintiff's impairments met Listings 1.04 and that she was not capable of work are opinion on issues reserved for the Commissioner; thus, they are not medical opinions and were not entitled to any deference or special consideration. (Tr. 881-82). Further, Dr. Kushner failed to provide objective medical evidence or a sufficient explanation for his opinions, including his opinion about Plaintiff's physical limitations. (Tr. 881-85). Dr. Kushner's notes do not indicate that Plaintiff had compromise of a nerve root or the spinal cord, nerve root compression, motor loss, or all of the other criteria in Listing 1.04. The routine, conservative, and limited treatment that Dr. Kushner provided Plaintiff also supports the ALJ's decision to give little weight to Dr. Kushner's opinions.

Dr. Kushner's opinions are also inconsistent with other evidence in the record, as discussed by the ALJ. (Tr. 22-31). The other doctors and medical professionals who examined and treated Plaintiff for her physical complaints did not note objective medical findings or other evidence to support Dr. Kushner's opinions. (Tr. 605-17, 643-48, 656-57, 683-92, 694-707, 734-41, 745-48,

750-68, 773-75, 777-93, 795-808, 810-37, 840-41, 877-79, 950-1032, 1034-65, 1098-1106). Diagnostic studies also did not reveal significant abnormalities. (Tr. 625-31, 645, 691, 715, 1114).

Likewise, the Court finds no error in the ALJ's treatment of Dr. Young's opinion. As a one-time examiner and not a treating doctor, Dr. Young's opinion was not entitled to any deference or special consideration. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). The ALJ properly determined that Dr. Young did not opine that Plaintiff had functional limitations, and her recommendation that Plaintiff pursue disability is essentially an opinion on an issue reserved for the Commissioner. (Tr. 31, 1103). See 20 C.F.R. §§ 404.1527(d), 416.927(d). Contrary to Plaintiff's argument that Dr. Young opined that Plaintiff had the functional limitation that "she could not sit for a long period of time," that notation was merely Dr. Young's observation of Plaintiff during the examination, not an opinion concerning Plaintiff's overall functional limitation. (Tr. 1102). Dr. Young's objective examination findings were unremarkable and, like Dr. Kushner's opinions, Dr. Young's opinion is inconsistent with the record as a whole, as discussed by the ALJ. Substantial evidence supports the ALJ's decision to give no weight to Dr. Young's opinion.

**c) Whether the ALJ erred at step five by finding that Plaintiff could perform the jobs identified by the vocational expert.**

Plaintiff, citing to job descriptions from Job Browser Pro, argues that only jobs requiring reasoning level of R1 are limited to simple one- or two-step tasks, yet the jobs that the ALJ found that Plaintiff could perform require a reasoning level of either R2, requiring the ability to carry out detailed instructions, or R3, requiring the ability to deal with several concrete variables. (Doc. 23 p. 22). Thus, Plaintiff argues, the ALJ's decision is not supported by substantial evidence.

In response, Defendant argues that the ALJ relied on the vocational expert's testimony in determining Plaintiff could perform other work, and that Plaintiff has failed to provide any legal authority stating that a vocational expert's testimony must be consistent with Job Browser Pro. (Doc. 25 p. 15).

Social Security Ruling 00-04p requires that an ALJ ask a vocational expert if his or her testimony is consistent with the Dictionary of Occupational Titles (DOT). In this case, the ALJ specifically asked the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles (DOT). Neither Plaintiff nor her attorney identified an apparent conflict between the DOT and the vocational expert's testimony at the hearing. (Tr. 83-89). The ALJ was not required to conduct an independent investigation into whether the vocational expert's testimony was accurate or further interrogate the vocational expert about her testimony. *See Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 794 (11th Cir. 2012).

Furthermore, Defendant is correct that Plaintiff fails to cite to any authority providing that a vocational expert's testimony must be consistent with Job Browser Pro. In any event, case law in the Eleventh Circuit supports the vocational expert's opinion that Plaintiff is capable of performing jobs requiring reasoning levels of 2 or 3. The Eleventh Circuit has found that remand was inappropriate when an ALJ relied on a vocational expert's testimony that a claimant limited to "simple" and "routine tasks" could perform work requiring reasoning levels of 2 or 3. *See Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 795-96 (11th Cir. 2011). Lower courts have similarly held that no reversible error occurred when the ALJ relied on the vocational experts testimony that a claimant limited to simple tasks does not preclude the performance of jobs that have reasoning levels of 2 or 3. *See Dickson v. Comm'r of Soc. Sec.*, 2014 WL 582885, at *3-5

(M.D. Fla. Feb. 13, 2014); *Yuhasz v. Colvin*, 2013 WL 5532651, at *8-9 (M.D. Fla. Oct. 7, 2013); *Arend v. Astrue*, 2012 WL 3264909, at *6 (M.D. Fla. Aug. 10, 2012).

### d) Whether the ALJ erred by finding that Plaintiff could perform unskilled work in light of the sit/stand option included in the RFC.

Noting that Social Security Ruling 83-12 provides that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will," Plaintiff argues the ALJ erred by finding Plaintiff capable of unskilled work despite finding Plaintiff was limited to work that allowed her to sit and stand alternatively. (Doc. 23 p. 22-23). Plaintiff also argues the ALJ erred by failing to specify the frequency of Plaintiff's need to alternate sitting and standing in violation of Social Security Ruling 96-9p. (Doc. 23 p. 23). In response, Defendant argues that the ALJ properly complied with SSR 83-12 and SSR 96-9p. (Doc. 25 p. 16-18).

The Court rejects Plaintiff's argument that the ALJ erred by violating SSR 83-12. SSR 83-12 provides that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand a [VE] should be consulted to clarify the implications for the occupational base." The ALJ did precisely that at the administrative hearing by questioning the vocational expert.

Likewise, the Court rejects Plaintiff's argument that the ALJ erred by failing to comply with SSR 96-9p. As Plaintiff notes, SSR 96-9p applies to situations when a claimant is limited to less than a full range of sedentary work, whereas in this case Plaintiff was limited to less than a full range of light work.

**e) Whether the ALJ improperly evaded application of the Medical-Vocational Guidelines.**

Plaintiff argues that the ALJ evaded application of the Medical-Vocational Guidelines by finding Plaintiff could perform a range of light work despite Dr. Kushner's opinion that Plaintiff could stand for less than 2 hours in an 8-hour workday and Dr. Young's opinion that Plaintiff was unable to stand for long periods of time. (Doc. 23 p. 23). Plaintiff contends that if the ALJ had properly limited Plaintiff to sedentary work, she would have been found disabled pursuant to Medical-Vocational Guideline 201.10. (Doc. 23 p. 23).

The Court rejects this argument. As discussed above, Plaintiff has failed to demonstrate that the ALJ erred in her treatment of the opinions of Dr. Kushner and Dr. Young or that substantial evidence does not support the ALJ's RFC finding.

## III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties